# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STEVON ARCHIE (#439157)                                    CIVIL ACTION

VERSUS

                                                           20-736-SDD-RLB

JASON KENT, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 1, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVON ARCHIE (#439157)                             CIVIL ACTION

VERSUS
                                                    20-736-SDD-RLB
JASON KENT, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendant Keith Turner (R. Doc. 16). The Motion is not opposed.

*Pro se* plaintiff, an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against defendants Jason Kent and Keith Turner, complaining that his constitutional rights are being violated due to deliberate indifference to his health and retaliation.[1] Defendant Turner moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the affidavit of Cherryl Washington, and a certified copy of administrative remedy procedure "DCI-2020-841."

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the

---

[1] Defendant Kent has not been served. See R. Doc. 9.

opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

  In the Complaint as amended, the plaintiff alleges that the defendants have failed to house him where he will not be exposed to secondhand smoke which worsens his medical conditions, and retaliated against him when a doctor requested relief on his behalf. The moving defendant asserts that the plaintiff's claims are subject to dismissal because the plaintiff has failed to exhaust available administrative remedies relative thereto as mandated by 42 U.S.C. § 1997e.

  Pursuant to this statute, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions. This provision is mandatory and applies broadly to "all inmate suits about

prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

The plaintiff identified "DCI-2020-841" as the administrative grievance procedure in which his claims were addressed. This grievance was filed on or about October 15, 2020, and his Complaint herein was filed on October 26, 2020. The plaintiff's grievance was titled "EMERGENCY AR.P."

Based on the foregoing, the Court finds that the plaintiff did not exhaust his available administrative remedies in connection with the claims asserted herein prior to filing suit. In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325. The administrative rules further provide that an inmate who is confronted with a matter of sufficient seriousness may bypass the normal administrative procedure and may file a grievance as one addressing a "problem of an emergency nature." *See* 22 La. ADC, Part I, § 325(H). Such an emergency grievance is submitted directly to the shift supervisor instead of to the warden's office as with a normal grievance. In either

instance, upon receipt, prison officials then have a 40-day period (reduced to 5 days in connection with a Prison Rape Elimination Act claim) during which, absent a requested extension or absent placement of the grievance on administrative backlog (because of other grievances still pending), they are obligated to provide a written response to the grievance. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a).

If the inmate is not satisfied with the First Step Response, the inmate has five days within which to submit a Second Step appeal to the office of the Secretary of the Department, after which the Secretary's office has an additional 45 days from "receipt" of the inmate's appeal to file a final Second Step response thereto. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b). No more than 90 days from the initiation to the completion of the process shall elapse unless an extension has been granted. *Id.* As pertinent to the instant case, the administrative rules specifically provide that, upon passage of the time allowed for a response at any step of the administrative process, the inmate may proceed unilaterally to the next step thereof. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).

In the instant matter, the plaintiff was not allowed to unilaterally proceed as less than 15 days elapsed between the filing of the plaintiff's grievance and the filing of his Complaint herein. The administrative rules further provide that a withdrawn request for administrative remedy cannot constitute a properly exhausted administrative remedy. On January 21, 2020 the plaintiff executed a form stating that his complaint had been resolved informally and that he was dropping DCI-20-841. *See* R. Doc. 16-4, p. 2. As such, the plaintiff has failed to exhaust his administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e

In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his

Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendant's motion for summary judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions that the plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. Accordingly, based upon the plaintiff's failure in this case to oppose the defendant's motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, all defendants are entitled to summary judgment as a matter of law.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims

raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of the plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's potential state law claims.

## RECOMMENDATION

The summary judgment record establishes that the plaintiff failed to exhaust his administrative remedies prior to filing suit. As such, the Court may grant a motion for summary judgment with respect to any non-moving defendants *sua sponte* after giving the plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008). Accordingly, it is recommended that the Motion for Summary Judgment (R. Doc. 16) be granted, dismissing all of the plaintiff's claims against all defendants. It is further recommended that any pending motions (R. Docs. 14, 15) be denied as moot. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims, and that this action be dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on June 1, 2021.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE